IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, | ) <br> ) |
| *Plaintiff*, | ) Case No. 1:23-cv-00068 <br> ) |
| v. | ) District Judge William L. Campbell, Jr. <br> ) |
| ALEJANDRO MAYORKAS, in his official capacity of Secretary of Homeland Security, *et al.*, | ) Magistrate Judge Barbara D. Holmes <br> ) <br> ) <br> ) |
| *Defendants*. | ) <br> ) |

**ANSWER**

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; United States Department of Homeland Security ("DHS"); Patrick Lechleitner, in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement; and United States Immigration and Customs Enforcement (collectively, "Defendants") hereby answer the Complaint for Declaratory and Injunctive Relief filed by the State of Tennessee.

1. Admitted that this is an action brought under the Freedom of Information Act ("FOIA"); that Plaintiff submitted FOIA request to United States Immigration and Customs Enforcement ("ICE") on February 23, 2023 and May 11, 2023; that more than seven months have passed since Plaintiff submitted its February 23, 2023 request; and that ICE has not yet produced responsive material, if any, in response to that request or determined whether responsive material, if any, is exempt from production. The remainder of this paragraph consists of Plaintiff's characterization of this lawsuit to which no response is required.

2. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

3. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. The first sentence of this paragraph consists of Plaintiff's characterization of this lawsuit to which no response is required. The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

6. Admitted that Plaintiff submitted FOIA requests to ICE on February 23, 2023, and May 11, 2023 and that ICE has not yet produced responsive material, if any, in response to those requests. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph. The third sentence of this paragraph consists of legal conclusions to which no response is required.

7. Admitted that Plaintiff submitted FOIA requests to ICE on February 23, 2023, and May 11, 2023; that ICE has not yet produced responsive material, if any, in response to those requests; and that ICE has not yet determined whether responsive material, if any, is exempt from production; otherwise denied.

8. Admitted that Plaintiff pursued administrative appeals related to its February 23, 2023 and May 11, 2023 FOIA requests, and that ICE has not yet produced responsive material, if any, in response to those requests; otherwise denied.

9. This paragraph consists of Plaintiff's characterization of this lawsuit to which no response is required.

10. The first sentence of this paragraph consists of legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

11. Admitted.

12. Admitted that DHS is an executive agency of the United States government and that ICE is a component of DHS. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

13. Admitted.

14. Admitted that ICE is a component of DHS and that the cited website accurately describes ICE's broad functions. As to the remaining allegations, ICE admits that it may have possession of records responsive to Plaintiff's requests, should any exist.

15. This paragraph consists of legal conclusions to which no response is required.

16. This paragraph consists of legal conclusions to which no response is required.

17. This paragraph consists of legal conclusions to which no response is required.

18. This paragraph consists of legal conclusions to which no response is required.

19. This paragraph consists of legal conclusions to which no response is required.

20. This paragraph consists of legal conclusions to which no response is required.

21. This paragraph consists of legal conclusions to which no response is required.

22. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

23. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

24. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

25. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

26. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

27. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

29. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence this paragraph and about whether the referenced materials would be responsive to Plaintiff's requests. The remaining allegations in this paragraph consist of legal conclusions to which no response is required

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what documents are in Plaintiff's possession. The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

32. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

33. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

34. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

36. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

37. This paragraph consists of legal conclusions to which no response is required.

38. The allegations in the first sentence of this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of this paragraph.

39. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

41. This paragraph consists of legal conclusions to which no response is required.

42. This paragraph consists of legal conclusions to which no response is required.

43. This paragraph consists of legal conclusions to which no response is required.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

46. Admitted that Plaintiff submitted FOIA requests to ICE dated February 23, 2023 and May 11, 2023. Defendants respectfully direct the Court to those requests for a full and accurate statement of their contents.

47. Admitted that Plaintiff submitted a FOIA request to ICE dated February 23, 2023. Defendants respectfully direct the Court to that request for a full and accurate statement of its contents.

48. Admitted that Plaintiff submitted a FOIA request to ICE dated February 23, 2023. Defendants respectfully direct the Court to that request for a full and accurate statement of its contents.

49. Admitted that Plaintiff submitted a FOIA request to ICE dated February 23, 2023. Defendants respectfully direct the Court to that request for a full and accurate statement of its contents.

50. Admitted that Plaintiff submitted a FOIA request to ICE dated February 23, 2023 and that Plaintiff sought expedited processing. Defendants respectfully direct the Court to that request for a full and accurate statement of its contents.

51. Admitted that ICE acknowledged Plaintiff's February 23, 2023 FOIA request by email on March 3, 2023, that ICE invoked a ten-day extension, that ICE assigned the request case number 2023-IFCO-14971, and that ICE granted a fee waiver. Defendants respectfully direct the Court to that communication for a full and accurate statement of its contents.

52. Admitted that ICE did not respond to Tennessee's request for expedited processing. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

53. Admitted that Plaintiff sent an email to ICE on April 11, 2023 and another on April 13, 2023. Defendants respectfully direct the Court to those communications for a full and accurate statement of their contents.

54. Admitted that ICE sent an email to Plaintiff on April 19, 2023 regarding Plaintiff's FOIA request. Defendants respectfully refer the Court to that email for a full and accurate statement of its contents. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

55. Admitted that ICE has not yet produced responsive records, if any, in response to Plaintiff's February 23, 2023 FOIA request. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

56. This paragraph consists of legal conclusions to which no response is required.

57. This paragraph consists of legal conclusions to which no response is required.

58. This paragraph consists of legal conclusions to which no response is required.

59. Admitted that Plaintiff submitted an administrative appeal on May 7, 2023 and that ICE acknowledged the appeal in a letter dated May 8, 2023, giving the appeal the tracking number 2023-ICAP-00292. Defendants respectfully direct the Court to those documents for a full and accurate statement of their contents.

60. Admitted that Plaintiff requested expedited processing of the administrative appeal by email dated May 8, 2023. Defendants respectfully direct the Court to that email for a full and accurate statement of its contents.

61. Admitted that Plaintiff formally requested expedited processing of its administrative appeal on May 11, 2023. Defendants respectfully direct the Court to that request for a full and accurate statement of its contents.

62. Admitted that ICE did not respond to Plaintiff's request for expedited processing of Plaintiff's administrative appeal within ten working days. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

63. Admitted that ICE sent Plaintiff a response to its administrative appeal on June 7, 2023. Defendants respectfully direct the Court to that response for a full and accurate statement of its contents.

64. Admitted that more than seven months have passed since Plaintiff submitted its February 23, 2023 FOIA request; that no records have yet been produced related to that request; that ICE has not yet determined whether responsive material, if any, is exempt from production; and that that the current status of Plaintiff's February 23, 2023 FOIA request in SecureRelease is listed as "Searching for Records." .

65. Admitted that ICE has not indicated when it will complete processing of Plaintiff's February 23, 2023 FOIA request. The remaining allegations in this paragraph consist of legal conclusion to which no response is required.

66. Denied.

67. Admitted that Plaintiff submitted a FOIA request to ICE dated May 11, 2023. Defendants respectfully direct the Court to that request for a full and accurate statement of its contents.

68. Admitted that Plaintiff requested expedited processing of its May 11, 2023 FOIA request. Defendants respectfully direct the Court to that request for a full and accurate statement of its contents.

69. Admitted that, on May 16, 2023, ICE denied Plaintiff's request for expedited processing of Plaintiff's May 11, 2023 FOIA request, that ICE invoked a ten-day extension, and that ICE assigned the request case number 2023-IFCO-25613. Defendants respectfully direct the Court to that denial for a full and accurate statement of its contents.

70. Admitted that Plaintiff submitted an administrative appeal on May 17, 2023 and that ICE acknowledged the appeal, giving the appeal the tracking number 2023-ICAP-00301.

71. Admitted that Plaintiff sought expedited processing of its administrative appeal. Defendants further admit that ICE did not respond to Plaintiff's request for expedited processing of its administrative appeal within ten working days. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

72. Admitted that ICE has not yet responded to Plaintiff's May 17, 2023 FOIA request. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

73. This paragraph consists of legal conclusions to which no response is required.

74. This paragraph consists of legal conclusions to which no response is required.

75. This paragraph consists of legal conclusions to which no response is required.

76. Admitted that Plaintiff submitted an administrative appeal related to its May 16, 2023 FOIA request on July 5, 2023. Defendants respectfully direct the Court to Plaintiff's administrative appeal for a full and accurate statement of its contents. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

77. Admitted that ICE responded to Plaintiff's administrative appeal on July 13, 2023. Defendants respectfully refer the Court to ICE's response for a complete and accurate statement of its contents. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

78. Admitted that more than four months have passed since Plaintiff submitted its May 11, 2023 FOIA request; that ICE has not yet produced responsive material, if any, in response to that request; that ICE has not yet determined whether responsive material, if any, is exempt from production; and that the current status of Plaintiff's May 11, 2023 FOIA request in SecureRelease is listed as "Searching for Records." .

79. Admitted that ICE has not indicated when it will complete processing of Plaintiff's May 11, 2023 FOIA request. The remaining allegations in this paragraph consist of legal conclusion to which no response is required.

80. Denied.

81. Defendants incorporate their responses to paragraphs 1 through 80.

82. This paragraph consists of legal conclusions to which no response is required.

83. This paragraph consists of legal conclusions to which no response is required.

84. Admitted that ICE invoked a 10-day extension under FOIA. This remaining allegations in this paragraph consist of legal conclusions to which no response is required.

85. This paragraph consists of legal conclusions to which no response is required.

86. Admitted that more than seven months have passed since Plaintiff submitted its February 23, 2023 FOIA request; ICE has not yet produced responsive material, if any, in response to that request; and that ICE has not yet determined whether responsive material, if any, is exempt from production.

87. This paragraph consists of legal conclusions to which no response is required.

88. This paragraph consists of legal conclusions to which no response is required.

89. This paragraph consists of legal conclusions to which no response is required.

90. This paragraph consists of legal conclusions to which no response is required.

91. Defendants incorporate their responses to Paragraphs 1 through 90.

92. This paragraph consists of legal conclusions to which no response is required.

93. This paragraph consists of legal conclusions to which no response is required.

94. Admitted that ICE invoked a 10-day extension and that ICE has not yet made a final determination as to Plaintiff's May 11, 2023 FOIA request. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

95. This paragraph consists of legal conclusions to which no response is required.

96. Admitted that more than four months have passed since Plaintiff submitted its May 11, 2023 FOIA request; that ICE has not yet produced responsive material, if any, in response to that request; and that ICE has not yet determined whether responsive material, if any, is exempt from production.

97. This paragraph consists of legal conclusions to which no response is required.

98. This paragraph consists of legal conclusions to which no response is required.

99. This paragraph consists of legal conclusions to which no response is required.

100. This paragraph consists of legal conclusions to which no response is required.

The remainder of the Complaint sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief it seeks or to any other relief in this action.

Defendants further deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

**AFFIRMATIVE DEFENSES**

1. Some or all of the requested documents and information are exempt from disclosure under FOIA. *See* 5 U.S.C. § 522(b).

2. Plaintiff failed to exhaust administrative remedies.

3. DHS, Secretary Mayorkas, and Mr. Lechleitner are not proper defendants in this FOIA action.


Dated: December 15, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-0878
Facsimile: (202) 616-8460
E-mail: Bradley.Humphreys@usdoj.gov
*Counsel for Defendants*

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on December 15, 2023 with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the CM/ECF system.

Steven James Griffin
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202
Tel.: (615) 741-9598
Email: steven.griffin@ag.tn.gov

Whitney Downs Hermandorfer
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202
Tel.: (615) 741-7403
Email: whitney.hermandorfer@ag.tn.gov

*Counsel for Plaintiff*

 */s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
*Counsel for Defendants*